SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA M. CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GORDON,<br><br>   Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; TRACY FORD; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>Sup. Ct. Comp. filed: May 21, 2021<br>Removed: November 22, 2021 |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. STK-CV-UBC-2021-0004717 of the Superior Court of California, County of San Joaquin. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. This removed case is a civil action commenced in the Superior Court of California, County of San Joaquin by Plaintiff PAUL GORDON ("Plaintiff") against Ford, entitled *Paul Gordon. v. Ford Motor Company, et al.*, Case No. STK-CV-UBC-2021-0004717 (the "State Action"). The two originally named Defendants were Ford and Tracy Ford. (*See* **Exh. A** to the Declaration of Trina M. Clayton ("Clayton Decl."), filed concurrently herewith.) Ford is the only remaining named Defendant in the case as Plaintiff dismissed Tracy Ford on October 27, 2021. (*See* Clayton Decl., **Exh. B**.)

2. Plaintiff filed his State Action on May 21, 2021. Plaintiff asserted against Ford, five causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express and implied warranty, based on his purchase of a 2017 Ford F-150, VIN 1FTFX1EF7HKE56361, (the "Subject Vehicle"). (*See* **Exh. A** *generally*, and Clayton Decl., ¶ 4).

3. As it has been less than one year since the commencement of this action, removal is proper under 28 U.S.C. § 1446(c)(1).

## II. PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. (28 U.S.C. § 1446(3).) Ford was served with a copy of the Complaint on July 17, 2021. (Clayton Decl., ¶ 5.) The Complaint does not contain any means of ascertaining the amount in controversy. (Clayton Decl., ¶6, **Exh. A** *generally*.)

//

5. Ford received notice of this matter after it was served with a copy of the Complaint on June 17, 2021. As of the date of service on Ford, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Defendant Tracy Ford, a California entity (*See* Clayton Decl., **Exh. A, ¶**5), complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

6. "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." See *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal. App. 3d 1191, 1194.

7. Plaintiff filed a Request for Dismissal as to Tracy Ford on October 27, 2021. (*See* **Exh. B** to the Clayton Decl.) In light of Plaintiff's voluntary dismissal of Tracy Ford, Ford recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

8. Based upon the Retail Installment Sales Contract ("RISC"), counsel for Ford was able to ascertain the amount in controversy. (*See* **Exh. C** to the Clayton Decl.)

9. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since Tracy Ford's dismissal on October 27, 2021 has not elapsed.

10. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. A-B** and **E – LL,** to the Clayton Declaration, filed herewith.

//

//

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

11. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place where the State Action has been pending.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Joaquin, promptly after filing of same in this Court.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing the same in this Court.

14. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

16. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

18. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

19. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

20. In this products liability case, Plaintiff seeks monetary relief. Plaintiff alleges five causes of action under the Song-Beverly Act, including breaches of express and implied warranties. (*See* Clayton Decl., **Exh. A**, ¶¶ 40-47.)

21. Plaintiff further alleges that on or about November 25, 2017, he purchased a 2017 Ford F-150 ("Subject Vehicle") and that, during the warranty period, "the Vehicle contained or developed defects… [which] substantially impair the use, value, or safety of the Vehicle" (*See* Clayton Decl., **Exh. A**, ¶¶ 9, 12.)

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

22. Plaintiff seeks monetary relief under the Song-Beverly Act, including actual damages, restitution, all incidental and consequential damages, costs and attorney's fees, and a **civil penalty of up to two times the amount of actual damages**. (*See* Clayton Decl., **Exh. A**, ¶¶ 28-29, 35, 38, 42, and Prayer for Relief at p. 10:20-11:4.)

23. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

24. The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

### A. Plaintiff's Damages Under the RISC.

25. Pursuant to the RISC, the total amount paid (purchase price) for the Subject Vehicle was $58,448.54. (*See* Clayton Decl., ¶17.)

26. If Plaintiff were to prevail on his Song-Beverly claims, he could be awarded damages well in excess of $75,000.00, as Plaintiff contends he is entitled to double civil penalties. (*See* Clayton Decl., **Exh. A,** ¶¶ 28-29, 35, 38, 42, and Prayer for Relief at p. 10:20-11:4.) Plaintiff's actual damages of at least $58,448.54 (*i.e.,* the amount paid for the Vehicle pursuant to the RISC), plus $116,897.08 as a double civil penalty pursuant to Civil Code Section 1794, total $175,345.62. (Clayton Decl., ¶¶ 17-19 and **Exh. C**.)

//
//
//

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

27. FORD notes that this amount is conservative, as it does not include Plaintiff's claim for attorney's fees/costs, or incidental or consequential damages (such as yearly registration fees). (See Clayton Decl., **Exh. A**, Prayer for Relief at 10:20-11:4.)

### B. The Mileage Offset

28. Pursuant to the Song-Beverly Act, a vehicle manufacturer (such as Ford) is entitled to deduct from the purchase price a "mileage offset" for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2. (Clayton Decl., ¶ 20.)

29. Ford disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a plaintiff demands by way of their Complaint, not by any reductions that a defendant might achieve through its defenses. See *Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); see also *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on Geographic Expeditions to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

30. Assuming arguendo that the mileage offset should be considered, as demonstrated below, the mileage offset would not cause the amount in controversy to be reduced to less than $75,000.

31. Here, Repair orders provided by Ford's affiliated dealership and seller

-7-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

of the Subject Vehicle, Tracy Ford, indicate the first presentation Plaintiff made for any alleged vehicle "nonconformity" was on March 6, 2018. Plaintiff's complaints for this presentation were for the tailgate bumper stop coming apart and also for the 110-volt outlet being operable. The vehicle mileage at the time of this presentation was 11,472.  (See Clayton Decl., ¶ 21, and **Exh. D** to Clayton Decl.)

32. Pursuant to the RISC, Plaintiff purchased the Subject Vehicle with 15 miles on the odometer.  Thus, Plaintiff drove the Vehicle 11,457 miles before the first presentation for correction of the problem that gave rise to the nonconformity. (11,472-15 = 11,457 miles.)  (See Clayton Decl., ¶ 22, and **Exh. C** to Clayton Decl.)

33. Using the Song Beverly offset calculation, 11,457 miles, divided by 120,000 miles, and then multiplied by the purchase price of the Subject Vehicle ($58,448.54), obtains the offset figure of $5,580.37. Subtracting the offset amount from the total cost of the Subject Vehicle brings the amount of "actual" damages to $52,868.17. ($58,448.54 - $5,580.37 = $52,868.17.) With Plaintiff's request for a two-time civil penalty, the total amount of damages is **$158,604.51**[1]. (Clayton Decl., ¶ 23.)  This does not even take into account Plaintiff' claim for attorney's fees/costs or incidental and consequential damages and represents the minimum amount in controversy for this case.

34. Thus, the total amount in controversy exceeds $75,000, and the amount in controversy requirement is satisfied. (See Clayton Decl., ¶ 24; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c).).

## IV. DIVERSITY OF CITIZENSHIP EXISTS

35. For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, (9th Cir. 1983) 704 F.2d 1088*;*

---

[1] ($52,868.17 x 2 = $105,736.34) + $52,868.17 = $158,604.51

-8-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

*see also LeBlanc v. Cleveland*, (2d Cir. 2001) 248 F.3d 95, 100. (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, (1st Cir. 1991) 946 F.2d 8, 10.)  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, (9th Cir. 1986) 797 F.2d 747, 749-50.

36.     Plaintiff is and was at the time of filing the Complaint, a citizen and resident of California. (*See* Clayton Decl., **Exh. A**, ¶ 2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (plaintiff's complaint stated only that he was a resident of Oregon, it made no statement about plaintiff's citizenship.)

37.     The Court found that for diversity purposes plaintiff is a citizen of the state in which they reside (in the absence of evidence to the contrary).

38.     Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan.  This Court can take judicial notice of these facts.  (*See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit MM** to Clayton Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

39.     Accordingly, complete diversity exists between Plaintiff and Ford.

40.     Since the dismissal of Tracy Ford on October 27, 2021, no other parties remain in this action.

//
//
//
//
//
//
//

## V. CONCLUSION

41. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: November 23, 2021              Respectfully submitted,

                                      By:   */s/ Katherine P. Vilchez*
                                            Spencer P. Hugret
                                            Katherine P. Vilchez
                                            Trina M. Clayton
                                            Attorneys for Defendant
                                            FORD MOTOR COMPANY